**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAN NORMAN | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. DKC-07-331 |
| U.S. GOVERNMENT | : | |
| Defendant | ..o0o.. | |

**MEMORANDUM**

Before the court is a pro se complaint filed by Jan Norman. Plaintiff's cause is action against the United States is unstated and impossible to discern. Further, Plaintiff's claims appear delusional. As such, the complaint is subject to dismissal under *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Upon review of the pleadings, the court will grant Norman's motion to proceed in forma pauperis, but dismiss the complaint without prejudice.

Plaintiff claims that she is awaiting trial but fails to provide the name of the court where charges are pending against her.[1] She requests "bail" and "summary judgment." She also requests "racial protection." Further, she seeks "access" to various psychiatrists for her agoraphobia and panic disorder. Plaintiff also warns that "under no circumstances are David Saah, Jr., Christine E. Norman and her kids, and Miriam Armolisky" to contact her.

Federal district courts are required to screen complaints and dismiss any that are frivolous, malicious or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B). Where as here, plaintiff is pro se litigant, the court accords the complaint construction, holding it to less stringent standard than that drafted by an attorney. *See Gordon v. Leeke*, 574 F.2d 1147, 1151

---

[1] There is no record that Jan Norman has criminal charges pending against her in this court. Norman, however, previously submitted another pleading which was dismissed by this court as delusional. *See Norman v. FBI, et al.*, Civil Action No. DKC-06-3363 (D. Md.).

(4th Cir.1978).   Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390- 91 (4th Cir. 1990).

Plaintiff fails to raise any cognizable cause of action against Defendant. Her statements appear implausible or delusional.  Under these circumstances, the court will dismiss the complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Fed  R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also  Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on own initiative).  For the above reasons, the court will deny the complaint without prejudice by separate Order.

  February 21, 2007                        _____/s/_____
Date                                         DEBORAH K. CHASANOW
                                             United States District Judge